IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No.  8:07-276–HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Randall Chad Pardue, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Randall Chad Pardue's ("Pardue") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons given below, the court dismisses Pardue's motion.

### I. Factual and Procedural Background

On April 23, 2007, Pardue pled guilty to one count of conspiracy to defraud the government and nine counts of fraud.  On July 26, 2007, Pardue was sentenced to sixty-three (63) months' imprisonment to be served consecutively to the state sentence that he is presently serving.  Pardue did not appeal his sentence.  Pardue filed a pro se § 2255 motion on January 20, 2009.  In an order dated January 21, 2009, the court directed Pardue to submit an amended motion using AO form 243 for filing a § 2255 motion.  Pardue filed his § 2255 motion on the proper form on February 10, 2009.[1]

In the instant § 2255 motion, Pardue alleges four grounds for relief:  (1) lack of jurisdiction; (2) evidence of tax fraud to the grand jury prejudiced Pardue; (3) the restitution amount that is owed to the government is incorrect; and (4) ineffective assistance of counsel for

---

[1]  See Houston v. Lack, 487 U.S. 266 (1988).

1

failing to prepare defenses, investigate facts, and challenge time on indictment. The court will address the alleged grounds for relief below.

## II. DISCUSSION OF THE LAW

### A. Lack of Jurisdiction

Pardue argues that "the county of Anderson doesn't have a federal grand jury" and therefore he should not have been indicted in Anderson, South Carolina. (Pardue's § 2255 Mot. 5.) "[T]he government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. Pardue's offense occurred in Anderson, South Carolina which is within the District of South Carolina. Pardue was indicted in the District of South Carolina. Accordingly, Pardue's ground for relief is without merit.

### B. Grand Jury Evidence

Pardue also argues that he was prejudiced as a result of information presented to the grand jury regarding count 11, charging tax fraud. The grand jury charged Pardue with tax fraud in violation of 18 U.S.C. § 1028(a)(7) on or about March 14, 2007. Count 11 was dismissed on April 23, 2007. Pardue alleges that he was prejudiced because the evidence relating to count 11 was "heard and presented to the grand jury" and the count was dismissed. (Id.) Pardue has failed to show this has prejudiced him. He does not present evidence that the information "heard and presented" to the grand jury impacted his decision to plead guilty. Moreover, while Pardue was indicted for tax fraud, that count was ultimately dismissed and therefore could not have prejudiced him. As such, Pardue's claim that he was prejudiced by allowing the grand jury to hear evidence related to tax fraud is without merit.

### C. Sum of Restitution

Next, Pardue alleges that the "sum thats [sic] claimed to be owed to Government is incorrect." (Id.) Pardue raises this issue for the first time in this § 2255 motion. He failed to file an appeal as to this issue. In general, a § 2255 motion "will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178 (1947). Thus, when a "defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a federal habeas proceeding only if the defendant can show both cause for and actual prejudice from the default, or that he is actually innocent." United States v. Harris, 183 F.3d 313, 317 (4th Cir. 1999) (citation omitted). Pardue has failed to show cause or prejudice for failure to raise this claim on appeal. Further, Pardue has not explained what the actual restitution amount should be or why the recorded amount of $102,315.99 is incorrect. Pardue only makes a conclusory statement that the sum is incorrect and unconstitutional. Pardue's ground for relief is, therefore, without merit.

### D. Ineffective Assistance of Counsel

Lastly, Pardue alleges that his counsel was ineffective for failing to "prepare defenses, investigate facts and to challenge time on indictment." (Pardue § 2255 Mot. 6.) In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Pardue must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong Pardue must demonstrate

a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Pardue fails to show that his counsel was constitutionally ineffective or that he has been prejudiced in any way. Pardue pled guilty. By pleading guilty, Pardue admitted all of the elements of the crimes to which he pled guilty. "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citations omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects including the right to contest the factual merits of the charges." Id. (internal quotation marks and citations omitted). There is no evidence that Pardue's guilty plea was involuntary. "[I]f the ineffectiveness alleged was a failure to investigate thoroughly, which in turn caused the defendant to plead guilty, the defendant must show a likelihood that some evidence would have been discovered which would have caused the attorney to change his recommendation to enter into a plea . . . ." United States v. Kauffman, 109 F.3d 186, 191 (3d Cir. 1997). Pardue has not offered any evidence that had certain facts been investigated he would have insisted on proceeding to trial. Furthermore, Pardue does not allege that he is innocent. Accordingly, this claim is without merit.

It is therefore

**ORDERED** that Pardue's § 2255 motion, docket number 77, is dismissed.

**IT IS SO ORDERED**.

                                                    s/Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina
March 5, 2009

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.